## UNITED STATES v. ONE 1938 MODEL FORD CONVERTIBLE COUPE AUTOMOBILE, MOTOR NUMBER 18–4352523 et al.

### Civ. 810.

District Court, W. D. South Carolina, Greenville Division.

April 22, 1948.

Oscar H. Doyle, U. S. Atty., and Walter H. Hood, Asst. U. S. Atty., both of Greenville, S. C., for the United States.

Hingson & Todd, of Greenville, S. C., for claimant Franklin Savings & Loan Co.

WYCHE, District Judge.

This cause is now before me upon exceptions filed by Franklin Savings and Loan Company, an intervening petitioner, to the taxation of costs by the Clerk. The matters and things culminating in such taxation were stipulated by counsel as follows:

"On or about September 1st, 1947, a 1938 model Ford Convertible Coupe owned by W. H. George, Jr., was seized by the Alcohol Tax Unit for violation of the Internal Revenue Laws regarding liquor. George was not in the car at the time it was seized but it was being driven by one Robert M. Cater to whom George had given possession of the car. George had no previous record for liquor and was not involved in this case.

"At the time of the seizure the Franklin Savings and Loan Company was a holder of a note and purchase money chattel mortgage on said car on which there was an unpaid balance of one hundred thirty and 40/100 ($130.40) dollars.

"The car was appraised at Four Hundred Fifty and No/100 ($450.00) Dollars and the Franklin Savings and Loan Company filed an affidavit of claim along with its bond in the amount of Two Hundred Fifty and No/100 ($250.00) Dollars on the condition that

" 'in case of the condemnation of the article seized pay all costs and expenses of the proceedings to obtain such condemnation.'

"The Government then proceeded to libel the car and the Claimant filed a petition for remission of the forfeiture.

"Subsequently, the mortgagor, George, paid over to the Franklin Savings and Loan Company the unpaid balance of his account and such action on his part terminated any interest which the Franklin Savings and Loan Company had in the car. When this was done the Claimant filed a petition setting forth these facts and asking that its petition for remission of the forfeiture be dismissed and its bond, or so much thereof as it was entitled to, be paid over to it.

"Thereafter in December of 1947 an order was passed by this Court condemning the automobile and ordering its sale and further ordering that

" 'the Clerk of this Court to pay all the costs and expenses of proceedings to obtain the foregoing condemnation from the $250.-00 cash bond deposited by the Franklin Savings and Loan Company.'

. "The Clerk then taxed up costs in the amount of Ninety-Three and 37/100 ($93.-37) Dollars against the Franklin Savings

and Loan Company which included the following:

| | |
|---|---|
| Attorney's docket fee | $10.00 |
| Clerk | 15.00 |
| Advertising | 25.87 |
| Storage | 38.50 |
| Marshal | 4.00 |

"Franklin Savings and Loan Company served notice of exceptions to this taxation of costs upon the grounds that the advertising and storage amounting to Sixty-Four and 37/100 ($64.37) Dollars were not properly costs of the proceedings to obtain the condemnation but were properly costs due to the seizure and sale of the vehicle."

■■■ When the motor vehicle was seized and appraised at less than $500, the District Supervisor of the Alcohol Tax Unit was required by 26 U.S.C.A.Int.Rev. Code, § 3724(b) to publish a notice in a newspaper. This notice was published and the expense thereof is a part of the $25.87 advertising cost taxed by the Clerk in this case, and to which claimant excepts. Thereupon the claimant, in order to prevent the administrative sale of the motor vehicle, and to obtain a judicial determination of its petition for remission or mitigation of forfeiture, which it intended to and did thereafter file, executed a bond in conformity with 26 U.S.C.A.Int.Rev.Code, § 3724(c), "conditioned that, in case of condemnation of the articles so seized, *the obligors shall pay all the costs and expenses of the proceedings to obtain such condemnation;*" (emphasis added). The filing of the claim and cost bond made necessary the institution of this action, and made necessary the retention of possession of the seized motor vehicle, since the jurisdiction of the court depends on the possession of the property, actual or constructive. 47 C.J.S., Internal Revenue, § 953, page 1216. It was therefore proper and necessary that the seized property be safely stored pending the judgment of the court, and thereafter until disposition thereof in accordance with the order of the court, and it is

to the expense of $38.50 of such storage that the claimant excepts. The filing of the claim and cost bond of claimant extended the time during which the motor vehicle had to be stored, as it would have been sooner disposed of administratively except for claimant's action in filing its claim and cost bond.

■■■ The filing of the claim and cost bond also made necessary, after the institution of this action, the publication by the United States Marshal of notice that he had attached the automobile and that any interested person should appear in court by a fixed time to interpose any claim, and the expenses of the publication or advertisement of this notice by the Marshal is included in the $25.87 advertising costs taxed by the Clerk. Certainly, this item is a cost and expense of the proceedings to obtain the condemnation just as much as is the cost of publication against non-residents in an action affecting real estate, for without this notice by the Marshal this action could not have proceeded.

When the claimant withdrew its petition and the court ordered the motor vehicle condemned, it was necessary that the court direct the manner of disposition of the car, which it did by ordering it sold, making necessary the advertisement of such sale, and the expense of this advertisement is included in the $25.87 advertising costs taxed by the Clerk.

Inasmuch as the condemnation, when obtained, related back to the time when the offense was committed (U.S. v. Stowell, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555, 559) it necessarily follows that the proceedings to obtain such condemnation were begun when the car was seized and ended only when it was disposed of by sale under order of the court. Therefore, the Clerk of Court rightly included in the costs taxed by him the items excepted to by the intervening petitioner, and its exceptions must be disallowed and overruled.

Entry of appropriate judgment is directed accordingly.