### UNITED STATES v. ONE 1949 G. M. C. TRUCK.
#### No. 1889.

United States District Court
E. D. Virginia, Richmond Division.

Oct. 10, 1950.

George R. Humrickhouse, U. S. Atty., Richmond, Va., for the United States.

Percy S. Smith, Richmond, Va., for defendant.

STERLING HUTCHESON, Chief Judge.

This case involves a question presented in connection with the seizure of the above mentioned vehicle on August 25, 1949, by officers of the Alcohol Tax Unit while being used in transporting material intended for use in connection with the manufacture of

illicit distilled spirits. Upon appraisal the vehicle was valued in excess of $500. A libel seeking forfeiture was filed on March 3, 1950. The owner filed a petition claiming the truck and resisting the forfeiture. A hearing was held on May 3, 1950, at which counsel for the holder of a lien against the vehicle appeared, stating that due to the fact the lienor had not earlier learned of the pending proceeding he was not prepared to determine whether or not a petition to intervene would be filed. He was granted leave to intervene within a reasonable time after hearing in event he should be so advised. Counsel subsequently informed the Court that the lienor had decided not to intervene.

The libel is filed pursuant to provisions of Title 26 U.S.C.A. §§ 2833(a), 3116, 3321 and 3720.

Forfeiture of the vehicle was ordered and the question here presented is whether storage charges against the vehicle constitute a part of the taxable costs which must be paid by the unsuccessful claimant in the proceeding for the forfeiture of the vehicle.

It is contended by the Government that the claimant should be taxed with court costs, including all storage charges which have been incurred since the date of seizure.

The claimant concedes that he is taxable with court costs and should pay reasonable storage charges incurred subsequent to filing the libel but he contends that he is not chargeable with storage charges incurred prior to the filing of the libel, as such storage charges do not properly constitute a part of the cost of seizure.

No case directly in point has been cited nor have I been able to find such case. However, Standard Carpet Company, Inc. v. Bowers, D.C., 284 F. 284, throws some light upon the subject, as does United States v. One Dodge Coach, D.C., 22 F.Supp. 204. In his opinion in the Standard Carpet case, Judge Learned Hand, then on the District Court, recognized the unjust hardship which may be visited upon the claimant in a somewhat similar case and devised a method of preventing oppressive action by the seizing agency.

While the amount involved is relatively small, the question presented is important in fixing the rights of the parties in this and similar cases.

The memorandum and argument in behalf of the Government are based upon the assumption that storage charges constitute a part of the taxable court costs and since costs may not be taxable against the Government it follows that they must be taxed against the claimant. No authority is cited in support of the assumption.

To arrive at a clear understanding of the question a brief review of the statutes is necessary.

Title 26 U.S.C.A. § 3720, authorizes the seizure of the vehicle by the Collector or Deputy Collector of Internal Revenue or any officer of Internal Revenue authorized by the Commissioner to seize such property.

Section 3721 provides that articles so seized may at the option of the Collector be delivered to the Marshal of the District and *remain* in the Marshal's care and control until he *obtains possession by process of law.*

Section 3722 contains a provision concerning special disposition of perishable goods, which is unimportant here.

Section 3723 deals with judicial proceedings to enforce forfeiture and provides that "The cost of seizure made before process issues shall be taxable by the court."

Section 3724 deals with the forfeiture of goods valued at $500 or less, which is likewise inapplicable here.

Section 3740 is as follows: "No suit for the recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Commissioner authorizes or sanctions the proceedings and the Attorney General directs that the suit be commenced."

Section 3745 places upon the Collector of Internal Revenue the duty of filing with the District Attorney a statement of all the facts and circumstances in his knowledge within 30 days after coming into possession of such knowledge, concerning any wilful violation of the laws relating to the revenue in which any fine, penalty or forfeiture may

be incurred, together with the names of witnesses and setting forth the provisions of law believed to be violated on which reliance may be had for condemnation or conviction. That section also deals with the question of costs, stating that in case of suit for penalty or forfeiture brought upon information received from any person other than a collector, deputy collector, revenue agent or inspector, the United States shall not be subject to any costs of suit.

Title 28, Section 2463, is as follows: "All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders of the decrees of the courts of the United States having jurisdiction thereof."

Section 2465 provides, in effect, that when there is a judgment for the claimant in proceedings to condemn or forfeit property seized under any act of Congress, such property shall be returned forthwith to the claimant or his agent, but if reasonable cause for the seizure appears the Court shall cause a proper certificate thereof to be entered, in which case *the claimant shall not be entitled to cost* nor shall the person who made the seizure nor the prosecutor be liable to suit or judgment on account of such suit or prosecution. (Query: Who is liable for cost?)

Section 1918(a), upon which the Government relies, provides as follows: "*Costs* shall be included in any judgment, order, or decree rendered against any person for the violation of an Act of Congress in which a civil fine or forfeiture of property is provided for." (Italics supplied.)

Section 1920 recites that the judge or clerk may tax as costs, fees of the clerk and Marshal.

Turning to Section 1921, it will be seen that the fees of the Marshal there included, as applied to the facts here, are covered by the following language:

"*Only* the following fees of United States Marshal shall be collected and taxed as costs, except as otherwise provided." (Italics supplied.)

Later, in the same section, the following language appears: "For the *keeping of personal property attached on mesne process,* such compensation as the court, on petition setting forth the facts under oath, may allow; * * *" (Italics supplied.)

So far as I am able to determine, the foregoing statutes cover the entire subject of taxable costs with relation to the question here involved. Statutes to be later discussed throw some light upon the subject, as will be seen.

 It clearly appears that costs may not be taxed against the United States in this case, but does it necessarily follow that storage charges must be taxed against the claimant? I do not so read the statutes. A careful examination will disclose that the only reference to storage is found in Title 28, Section 1921, where it is provided that there may be included in the fees of the marshal keeping of personal property. The statute qualified this provision by limiting such fees to *only those incurred while the property is under attachment on mesne process.* That process was issued on March 3, 1950. Accordingly, it is clear that the Marshal had custody of the vehicle under mesne process only subsequent to that date.

However, the Government contends that under Title 28, Section 2463, the property was placed in legal custody from the date of the seizure and that under Title 26, Section 3723(c), which provides that the cost of seizure before process issues shall be taxable, it follows that storage from the date of seizure becomes a part of the costs to be taxed by the Court. No authority in support of this contention is cited. There would be merit in that contention if cost of seizure includes storage. I am unable to agree with this proposition.

 As I understand the meaning of costs of seizure, it would include such items as towing, hauling, loading and unloading, and such other expenses as may be incurred in effecting the seizure.

To give the word "seizure" the meaning contended for by the Government could lead to a rather odd result when Sections 3721 and 3723(c) of Title 26, and Section

1921 of Title 28, are read together. Under the Government's contention it would appear that if the Collector seized articles or objects under Section 3720, Title 26, and on the next day delivered them to the custody of the marshal, pursuant to Section 3721, and such articles or objects remained in the Marshal's custody until he obtained possession by process of law, the cost of storage under Section 3723(c) would be a part of the cost of seizure made before process issued and should be taxed by the Court as part of the Marshal's costs. This contention, however, would lead to the result that the Marshal, as a part of his costs, would be allowed as a part of the costs of seizure, storage for goods held in his custody prior to the issuance of process. This appears to me to be in contravention of, and direct conflict with, Section 1921 of Title 28, which specifically provides that the Marshal shall be allowed as costs of storage, a fee *only after* process has issued. Thus it would seem that to allow the Marshal to collect storage as a part of his costs before process issues would result in the Government accomplishing indirectly under Sections 3720, 3721 and 3723(c) what he is specifically prohibited from collecting directly under Section 1921 of Title 28.

Futhermore, it is to be observed that while the statutes prohibit the taxing of costs against the United States, there is no provision that they shall be taxed against the claimant except those contained in Title 28, Section 1918(a), which, as previously indicated, is limited as respects storage by Section 1921 to cost of keeping after attachment. Further, this is an in rem proceeding. With the exception of such cases dealing with the forfeiture of motor vehicles, instances are rare in which the forfeited property is not ordered sold or destroyed. When the former disposition is made it is usually contemplated that storage will be paid from the proceeds of sale. As a practical matter property which of its nature should be destroyed, is seldom the object of controversy concerning remission or mitigation of forfeiture.

During recent years a policy has been adopted by which valuable motor vehicles forfeited to the Government, instead of being sold, are delivered to various agencies pursuant to request of the Director of Procurement of the Treasury Department. That disposition is requested in the instant case.

In undertaking to meet this development Congress in 1935 enacted the statutes now to be discussed.

Title 40, Section 304g provides that property voluntarily abandoned to any agency in such manner as to vest title in the United States may be retained by such agency and devoted to official use only. If the agency does not desire to retain it upon being notified, the Director of Procurement Division of the Treasury Department may make other disposition thereof.

Section 304h provides that property seized by an agency or forfeited to the United States otherwise than by court decree may be retained by the agency and devoted to official use only or otherwise disposed of by the Director.

Section 304j contains the following provisions: "The appropriation available to any agency for the purchase, hire, operation, maintenance, and repair of property of any kind shall be available * * * for the payment of any lien recognized and allowed pursuant to law, and for the payment of all moneys found to be due any person upon the duly authorized remission or mitigation of any forfeiture; * * *."

The section further provides as follows: "The costs of hauling, transporting, towing, and storage of such property shall be paid by the agency which has seized such property or to which it has been abandoned; * * *."

▉ From an examination of the foregoing statutes it is apparent that the agency which desires the vehicle for official use has authorization to pay storage charges from its appropriation.

▉▉ It is therefore my conclusion that the storage charges incurred prior to the attachment by the Marshal under mesne process do not necessarily constitute a part of the taxable costs referred to in the various pertinent statutes. Consequently, the

Court is not required to tax such charges against the claimant under Title 28, Section 1918(a). Upon reason and principle this would appear the proper conclusion under the facts of this case. The seizure was made on August 25, 1949. It was not until more than six months later that the Government saw fit to file its libel of forfeiture and by that action caused the issuance of mesne process resulting in placing the vehicle in the custody of the Marshal and thus making it possible for the claimant to enter his appearance to have his rights adjudicated, which he did on April 1, 1950, although as has been seen, there is a statute placing upon the Collector the duty of notifying the District Attorney within 30 days after the seizure. In this case the claimant is in no way responsible for this delay. The matter was entirely beyond his control and solely within the control of the Government officials. Had no one appeared to claim the property, a default judgment would have been entered promptly after the expiration of the time for appearing and the entire costs, together with storage charges, would have been paid by the Government. The owner, having seen fit to intervene in the proceedings, caused some delay until the case could be reached for hearing. This was two months after the libel was filed and approximately one month after the intervening petition was filed. By intervening the claimant incurred the risk of having the taxable costs assessed against him and I believe it to be within the discretion of the Court to require him to pay as a part of the costs reasonable storage charges incurred by reason of his intervention.

To suggest that Government agencies usually have sufficient grounds when making seizure and that costs in such cases are usually of minor importance is no answer. The fact remains that to hold that such storage constitutes taxable costs to be paid by the claimant, whether successful or unsuccessful, as is contended by the Government, would be placing in the hands of Government agents the power to penalize a claimant of seized property or to deprive him of his property by withholding the filing of the libel.

Taxable costs are fixed by statute. As indicated, in ordinary cases the matter of assessing costs is within the discretion of the Court. In cases to which the Government is a party the power of the Court is limited by statute. Since the statute does not make storage charges a part of the taxable cost as contemplated by the pertinent statutes, especially Title 28, Section 1918 (a), it is not required that such charges be taxed against the claimant. See also Title 18, Section 3617(c) dealing with costs in cases in which the forfeiture is remitted or mitigated. Note also the language of Title 26, Section 3745 and Title 28, Section 2465.

An order has been entered directing that the vehicle be turned over to the District Supervisor of the Alcohol Tax Unit of the Treasury Department for its official use, in accordance with the application made but upon condition that that agency pay storage charges covering the period prior to the seizure by the Marshal under mesne process. The order further provides that if that agency does not pay the storage charges within ten days from the entry of the order the vehicle may be sold by the United States Marshal for this District after proper advertisement and the Marshal directed to pay from the proceeds of sale the cost of storage and account for the balance in accordance with the requirements of law.

Involved in the seizure were several other small items of personal property, delivery of which has been requested to be made to the Bureau of Prisons, Department of Justice, for official use. The order provided that in event there are storage charges due on account of those articles for the period prior to attachment by the Marshal, such articles may be delivered as requested upon payment of such charges by the agency to which said articles are delivered and in event such charges are not paid within ten (10) days they will be sold by the Marshal after due advertisement in the same manner as provided for the vehicle.

The cost of the proceeding, together with storage charges from the date of attachment by the Marshal under process will be taxed and assessed against the claimant.