**UNITED STATES of America**

**v.**

**ONE 1951 CADILLAC COUPE, Serial No. 51 62 24461, registered to Herman Showers, 1235 North 55th Street, Philadelphia, Pennsylvania, and lately possessed by Eugene C. Thomas, 106 North 50th Street, Philadelphia, Pennsylvania.**

**No. 108 of 1953.**

United States District Court
E. D. Pennsylvania.
March 26, 1956.

476

W. Wilson White, Philadelphia, Pa., for plaintiff.

Harold M. Rappeport, Philadelphia, Pa., for defendant.

GRIM, District Judge.

█ The government has filed a libel requesting a decree of forfeiture of an automobile which the government contends was used in the transportation of narcotics, 49 U.S.C.A. § 781 et seq. An answer has been filed by Equitable Credit and Discount Company (the claimant) which claims an interest in the automobile as an unquestioned owner in good faith of a bailment lease on the vehicle. The burden of proof was on the government to show that there was probable cause for the institution of the proceedings. 19 U.S.C.A. § 1615. The claimant produced no evidence.

The evidence on which the government's case is based was obtained without a search warrant. The claimant contends that since the evidence was obtained without a search warrant it was not properly admissible and that, consequently, the government, not having met its burden of proof, the decree of forfeiture must be denied.

On July 22, 1953, two Philadelphia police officers while on duty were patrolling in Philadelphia in a police car. They noticed Eugene C. Thomas, who was known to them as a narcotics user, operating an automobile in a suspicious manner. They attempted to stop Thomas' automobile, but Thomas drove away and it was only after a considerable chase that they were able to stop him. They promptly arrested him and immediately searched his automobile. Under the floor mat near the driver's seat they found a package containing 3.8 grains of heroin.

Claimant's contention is that the search of the car without a warrant was illegal in view of the requirements of the Fourth Amendment of the Constitution of the United States, which provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause * * *."

The Fourth Amendment does not prohibit all searches without a warrant. Its prohibition is against "unreasonable" searches. The rule has been stated by the United States Supreme Court in Carroll v. United States, 1925, 267 U.S. 132, at page 149, 45 S.Ct. 280, at page 283, 69 L.Ed. 543, to be:

" * * * the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officers that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. The Fourth Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in a manner which will conserve public interests as well as the interests and

rights of individual citizens. * * * [267 U.S. at page 153, 45 S.Ct. at page 285.] The guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the government, as recognizing a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motor boat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought."

When the police officers saw Thomas acting in a suspicious manner and especially when he tried to escape from them they had reasonable cause to believe that perhaps he was carrying narcotics in his automobile. Under the circumstances they acted reasonably as alert police officers when they pursued him, arrested him, and searched his automobile as soon as they were able to stop him. Indeed, if they had attempted to obtain a warrant before they seized him or searched his automobile it is very likely that they never would have had an opportunity to make either a search or a seizure. Since the police officers acted reasonably under the circumstances their testimony was properly admitted in the trial of the case.

The police officers who made the search were acting solely as agents of the City of Philadelphia and the State of Pennsylvania. The search was in no way instigated or directed by federal agents. In view of this it would seem that the testimony of the police officers is properly admissible in the present proceedings even if their search should be considered illegal. Scotti v. United States, 5 Cir., 193 F.2d 644; Byars v. United States, 1927, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Cf. United States v. Lustig, 1949, 338 U.S. 74, 69

478

S.Ct. 1372, 93 L.Ed. 1819; Irvine v. People of State of California, 1954, 347 U.S. 128, 74 S.Ct. 381, 98 L.Ed. 561.

It should be noted that the police officers did not exceed their authority under the law of Pennsylvania. Narcotics violations are felonies under Pennsylvania law. Act of July 11, 1917, P.L. 758, § 12, amended by the Act of June 22, 1931, P.L. 655, § 1, 35 P.S. § 865. The Superior Court of Pennsylvania has said in Commonwealth v. Duerr, 158 Pa.Super. 484, at page 491, 45 A.2d 235, at page 238: " * * * a peace officer may arrest upon the reasonable suspicion of a felony without a warrant * * *." The police officers acted reasonably when they suspected that a felony was being committed in the present case. Consequently, they acted within their authority under Pennsylvania law when they made the arrest and the seizure.

Judgment and a decree of forfeiture will be entered in favor of the government. The costs, including storage charges from the date of the filing of claimant's answer (November 10, 1953), will be assessed against the claimant. United States v. One 1949 G. M. C. Truck, D.C.E.D.Va.1950, 104 F.Supp. 34.