**UNITED STATES of America,**
**Plaintiff,**

v.

**ONE 1969 PLYMOUTH TWO-DOOR HARDTOP, IDENTIFICATION NO. RP 23F9G158234, Defendant.**

**Civ. A. No. 3659-N.**

United States District Court,
M. D. Alabama, N. D.

June 18, 1973.

Ira DeMent, U. S. Atty., and Calvin C. Pryor, Asst. U. S. Atty., Montgomery, Ala., for the United States.

Richard H. Gill, Hobbs, Copeland, Franco & Screws, Montgomery, Ala., for the claimant.

ORDER

JOHNSON, Chief Judge.

Upon consideration of the file and briefs in this case, it appears that the United States seeks to tax a successful claimant in an automobile forfeiture case with court costs and the cost of storing the automobile since its seizure in January 1972. The premise upon which the Government's position is based is that there was probable cause for seizing the automobile, and that 28 U.S.C. § 2465 provides that "if it appears there was reasonable cause for the seizure, . . . the claimant shall not, in such case, be entitled to costs. . . ."

The claimant, on the other hand, begins with 28 U.S.C. § 2412, as amended in 1966, which states that:

Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . .

By this language, as the claimant correctly claims, Congress changed the well established principle that in the absence of a statute directly authorizing it, courts are not to give judgment against the United States for costs and expenses, even though the costs are incurred in an action which the United States has brought and in which it has failed to establish its claims. The rule today—in the case of those court costs itemized in 28 U.S.C. § 1920, at least—is just the reverse: Unless a statute directly prohibits it, courts are to give judgment against the United States for costs and expenses in cases which the United States has brought and in which it has failed to establish its claims. Thus, pre-

1966 cases cited by the Government, including this Court's decision in United States v. One 1959 Pontiac Sedan (Civil Action No. 1965-N, February 18, 1964), are not necessarily determinative of the instant case. Rather, the question is the extent to which 28 U.S.C. § 2465 and the recently amended 28 U.S.C. § 2412 govern the taxation of costs.

Were it not for section 2465, it seems clear that section 2412 would allow (but not require) the taxation of all costs, including storage of the automobile, to the Government. In delineating what costs may be taxed to the Government, section 2412 makes reference to 28 U.S. C. § 1920. Section 1920, in turn, allows the taxation of fees of the marshal, which, according to 28 U.S.C. § 1921, may include actual expenses for the keeping of property attached.

 Notwithstanding the permissive language of section 2412, section 2454 clearly specifies that, where a certificate of probable cause is issued in a forfeiture case, the successful claimant is not entitled to costs, which merely means that he is not entitled to have *his* costs taxed to the Government. This language, denying the taxation of the prevailing party's costs to the Government, appears to be just the sort of specific statutory exception which section 2412 seems to have contemplated. Thus, neither section 2454 nor section 2412 permits the claimant to tax his costs to the Government, inasmuch as a certificate of probable cause has been issued. It does not follow, however, that section 2465 requires the taxation of the *Government's* costs to the successful claimant. Such a construction is unwarranted, not only because of the broad language of section 2412, but also because of the negative implication of other provisions, which provide for the taxation of the Government's costs to the *unsuccessful* claimant. Section 1918(a) of Title 28, for example, provides that costs shall be included in any judgment, order or decree rendered *against* any person for the violation of an Act of Congress in which a civil fine or forfeiture of property is provided for. Section 7325(3) of Title

26 provides that claimants of articles seized pursuant to that title must file a bond conditioned that, *in case of condemnation of the articles so seized*, the obligors shall pay all costs and expenses of the proceedings to obtain such condemnation. It seems doubtful that Congress would go to such lengths to specify that costs are to be taxed against an unsuccessful claimant in a forfeiture proceeding if its intent was that costs were to be taxed to a claimant whether successful or not. The Government's argument that no security is needed in cases where the Government is unsuccessful in a forfeiture proceeding, since the articles seized serve as security for costs, is an imaginative justification for the lack of any bond provision in the case of a successful claimant, but utterly lacks any judicial recognition, and ignores the more troublesome section 1918(a).

Given the dual demands of sections 2412 and 2465, the only course left open to this Court is to order each side to absorb its own costs. Requiring the Government to absorb the cost of storing the automobile is allowed by section 2412, while not prohibited by section 2465. Such a result would appear to be particularly warranted in the case of storage costs incurred before the claimant filed his claim. Even in cases where property was actually forfeited, it has long been the rule that the expense of storing the property prior to the claimant's intervention should not be taxed to the unsuccessful claimant. United States v. One Bally Golden Gate, 225 F.Supp. 552 (W.D.Va.1964); United States v. One 1949 GMC Truck, 104 F. Supp. 34 (E.D.Va.1950). *Contra*, United ed States v. One 1938 Model Ford, 77 F.Supp. 294 (W.D.S.C.1948). The Court in *One 1949 GMC Truck* remarked that "to hold that such storage constitutes taxable costs to be paid by the claimant, whether successful or unsuccessful, as is contended by the Government, would be placing in the hands of Government agents the power to penalize a claimant of seized property or to deprive him of his property by withholding the filing of the libel." 104 F.Supp. at 39. To allow

the Government to tax the cost of storage to a successful claimant, particularly where, as here, the cost exceeds the present value of the car, is in effect to allow the Government to seize property, whether or not it is successful in a forfeiture proceeding. It is sheer sophistry to contend, as the Government does at page 5 of its brief, that a successful claimant should bear these costs because he is the "beneficiary of the costs of seizure, advertising, and storage."

It might also be noted that the claimant is entitled to the return of his car at the place where it was seized. McDonough v. United States, 202 F.2d 424 (6th Cir. 1953) (order releasing slot machines at their present location amended to require their return to the place where the machines were seized). Consequently, the Government must absorb the cost of returning the car to Troy, Alabama.

Accordingly, it is the Order, Judgment and Decree of this Court that the parties bear their own costs and that the 1969 Plymouth, Identification Number RP23F9G158234, be returned to the claimant in Troy, Alabama.